# EXHIBIT B

**Warren County**
**Terrance D Lee**
**County Clerk**

Book: 4355    Page: 44

Document Number: 2006- 00276003    Document Type: Mortgage
Recorded Date: 03/30/2006

Parties: LEESE, KAREN
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS IN
Comment:

Pages Charged: 6
Pages Scanned: 7

Recorded By: US RECORDINGS

## ** Examined and Charged as Follows **

| | |
|---|---|
| Mortgage | 32.00 |
| Coversheet | 0.00 |
| Preservation | 30.00 |
| Recording Fees Difference | 18.00 |
| **Recording Fee:** | 80.00 |

## ** DO NOT REMOVE **

## ** This Page is Part of the Document **

I hereby certify that the within and foregoing was recorded in the Clerk's Office for:

**File Information**
Document Number: 2006- 00276003
Recorded Date: 03/30/2006  10:57 A
Receipt Number: ███████

**Mail Back**
US RECORDINGS
2925 COUNTRY DRIVE
STE 201
ST PAUL MN 55117-



## ** DO NOT REMOVE **

**This Page is Part of the Document**

# Foreclosing Mortgage

Recording Requested by &
When Recorded Return To:
US Recordings, Inc,
2925 Country Drive Ste 201
St. Paul, MN 55117

Prepared By:
SUMMER MCGOVERN

Recorded
Mar 30,2006 10:57:57A
TERRANCE D LEE
WARREN COUNTY CLERK
BELVIDERE, NJ

[Space Above This Line For Recording Data]

(Doc ID #)

## MORTGAGE
(Line of Credit)
MIN

THIS MORTGAGE, dated FEBRUARY 28, 2006     , is between
KAREN LEESE, XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

residing at
259 SILVER LAKE RD, BLAIRSTOWN, NJ 07825-4016
the person or persons signing as "Mortgagor(s)" below and hereinafter referred to as "we," "our," or "us"
and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") a Delaware corporation,
with an address of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS acting solely as nominee for
Countrywide Bank, N.A.
("Lender" or "you") and its successors and assigns. MERS is the "Mortgagee" under this Mortgage.

MORTGAGED PREMISES: In consideration of the loan hereinafter described, we hereby mortgage,
grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the
successors and assigns of MERS, the premises located at:
259 SILVER LAKE RD, BLAIRSTOWN
Street, Municipality
WARREN                           New Jersey 07825-4016  (the "Premises").
County                                     ZIP
and further described as:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

The Premises includes all buildings and other improvements now or in the future on the Premises and all
rights and interests which derive from our ownership, use or possession of the Premises and all
appurtenances thereto.

● MERS HELOC - NJ MORTGAGE
2E817-NJ (11/04)(d)                 Page 1 of 5                    Initials: 



DOC ID #: ███████████

WE UNDERSTAND and agree that MERS is a separate corporation acting solely as nominee for Lender and Lender's successors and assigns, and holds only legal title to the interests granted by us in this Mortgage, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage.

LOAN: This Mortgage will secure your loan to us in the principal amount of $ 100,000.00      or so much thereof as may be advanced and readvanced from time to time to
KAREN LEESE

the Borrower(s) under the Home Equity Credit Line Agreement And Disclosure Statement (the "Note") dated FEBRUARY 28, 2006      , plus accrued interest, payment for taxes and insurance, and other payments made by Mortgagee pursuant to the terms of this Mortgage and the Note, all of which sums are repayable according to the Note. This Mortgage will also secure the performance of all of the promises and agreements made by us and each Borrower and Co-Signer in the Note, all of our promises and agreements in this Mortgage, any extensions, renewals, amendments, supplements and other modifications of the Note, and any amounts advanced by you under the terms of the section of this Mortgage entitled "Our Authority To You." Loans under the Note may be made, repaid and remade from time to time in accordance with the terms of the Note and subject to the Credit Limit set forth in the Note.

OWNERSHIP: We are the sole owner(s) of the Premises. We have the legal right to mortgage the Premises to you.

OUR IMPORTANT OBLIGATIONS:

    (a) TAXES: We will pay all real estate taxes, assessments, water charges and sewer rents relating to the Premises when they become due. We will not claim any credit on, or make deduction from, the loan under the Note because we pay these taxes and charges. We will provide you with proof of payment upon request.

    (b) MAINTENANCE: We will maintain the building(s) on the Premises in good condition. We will not make major changes in the building(s) except for normal repairs. We will not tear down any of the building(s) on the Premises without first getting your consent. We will not use the Premises illegally. If this Mortgage is on a unit in a condominium or a planned unit development, we shall perform all of our obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development and constituent documents.

    (c) INSURANCE: We will keep the building(s) on the Premises insured at all times against loss by fire, flood and any other hazards you may specify; however, the amount of such required insurance shall not exceed the amount of the loan together with the amount needed, to satisfy all prior liens on the Property, and in no event shall the required amount of fire insurance exceed the replacement cost of the Property. We may choose the insurance company, but our choice is subject to your reasonable approval. The policies must be for at least the amounts and the time periods that you specify. We will deliver to you upon your request the policies or other proof of the insurance. The policies must name you as "mortgagee" and "loss-payee" so that you will receive payment on all insurance claims, to the extent of your interest under this Mortgage, before we do. The insurance policies must also provide that you be given not less than 10 days prior written notice of any cancellation or reduction in coverage, for any reason. Upon request, we shall deliver the policies, certificates or other evidence of insurance to you. In the event of loss or damage to the Premises, we will immediately notify you in writing and file a proof of loss with the insurer. You may file a proof of loss on our behalf if we fail or refuse to do so. You may also sign our name to any check, draft or other order for the payment of insurance proceeds in the event of loss or damage to the Premises. If you receive payment of a claim, you will have the right to choose to use the money either to repair the Premises or to reduce the amount owing on the Note.

    (d) CONDEMNATION: We assign to you the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Premises, or part thereof, or for conveyance in lieu of condemnation, all of which shall be paid to you, subject to the terms of any Prior Mortgage.

    (e) SECURITY INTEREST: We will join with you in signing and filing documents and, at our expense, in doing whatever you believe is necessary to perfect and continue the perfection of your lien and security interest in the Premises. It is agreed that the Lender shall be subrogated to the claims and liens of all parties whose claims or liens are discharged or paid with the proceeds of the Agreement secured hereby.

BK: 4355 PG: 44   03/30/2006   MORTGAGE   Image: 4 of 7

DOC ID #: ███████

(f) **OUR AUTHORITY TO YOU:** If we fail to perform our obligations under this Mortgage, you may, if you choose, perform our obligations and pay such costs and expenses. You will add the amounts you advance to the sums owing on the Note, on which you will charge interest at the interest rate set forth in the Note. If, for example, we fail to honor our promises to maintain insurance in effect, or to pay filing fees, taxes or the costs necessary to keep the Premises in good condition and repair or to perform any of our other agreements with you, you may, if you choose, advance any sums to satisfy any of our agreements with you and charge us interest on such advances at the interest rate set forth in the Note. This Mortgage secures all such advances. Your payments on our behalf will not cure our failure to perform our promises in this Mortgage. Any replacement insurance that you obtain to cover loss or damages to the Premises may be limited to the amount owing on the Note plus the amount of any Prior Mortgages.

(g) **PRIOR MORTGAGE:** If the provisions of this paragraph are completed, this Mortgage is subject and subordinate to a prior mortgage dated 05/01/1997                     and given by us to
COUNTRYWIDE HOME LOANS, INC.
as mortgagee, in the original amount of $ 150,000.00                     (the "Prior Mortgage"). We shall not increase, amend or modify the Prior Mortgage without your prior written consent and shall upon receipt of any written notice from the holder of the Prior Mortgage promptly deliver a copy of such notice to you. We shall pay and perform all of our obligations under the Prior Mortgage as and when required under the Prior Mortgage.

(h) **HAZARDOUS SUBSTANCES:** We shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Premises. We shall not do, nor allow anyone else to do, anything affecting the Premises that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Premises of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Premises. As used in this paragraph, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "Environmental Law" means federal laws and laws of the jurisdiction where the Premises are located that relate to health, safety or environmental protection.

(i) **SALE OF PREMISES:** We will not sell, transfer ownership of, mortgage or otherwise dispose of our interest in the Premises, in whole or in part, or permit any other lien or claim against the Premises without your prior written consent.

(j) **INSPECTION:** We will permit you to inspect the Premises at any reasonable time.

**NO LOSS OF RIGHTS:** The Note and this Mortgage may be negotiated or assigned by you without releasing us or the Premises. You may add or release any person or property obligated under the Note and this Mortgage without losing your rights in the Premises.

**DEFAULT:** Except as may be prohibited by applicable law, and subject to any advance notice and cure period if required by applicable law, if any event or condition of default as described in the Note occurs, you may foreclose upon this Mortgage. This means that you may arrange for the Premises to be sold, as provided by law, in order to pay off what we owe on the Note and under this Mortgage. If the money you receive from the sale is not enough to pay off what we owe you, we will still owe you the difference which you may seek to collect from us in accordance with applicable law. In addition, you may, in accordance with applicable law, (i) enter on and take possession of the Premises; (ii) collect the rental payments, including over-due rental payments, directly from tenants; (iii) manage the Premises; and (iv) sign, cancel and change leases. We agree that the interest rate set forth in the Note will continue before and after a default, entry of a judgment and foreclosure. In addition, you shall be entitled to collect, to the maximum extent permitted by applicable law, all reasonable fees and costs actually incurred by you in proceeding to foreclosure, including, but not limited to, reasonable attorneys fees and costs of documentary evidence, abstracts and title reports.

**ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER:** As additional security, we assign to you the rents of the Premises. You or a receiver appointed by the courts shall be entitled to enter upon, take possession of and manage the Premises and collect the rents of the Premises including those past due.

**WAIVERS:** To the extent permitted by applicable law, we waive and release any error or defects in proceedings to enforce this Mortgage and hereby waive the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale and homestead exemption.

DOC ID #: ████████████

**BINDING EFFECT:** Each of us shall be fully responsible for all of the promises and agreements in this Mortgage. Until the Note has been paid in full and your obligation to make further advances under the Note has been terminated, the provisions of this Mortgage will be binding on us, our legal representatives, our heirs and all future owners of the Premises. This Mortgage is for your benefit and for the benefit of anyone to whom you may assign it. Upon payment in full of all amounts owing to you under the Note and this Mortgage, and provided any obligation to make further advances under the Note has terminated, this Mortgage and your rights in the Premises shall end.

**NOTICE:** Except for any notice required under applicable law to be given in another manner, (a) any notice to us provided for in this Mortgage shall be given by delivering it or by mailing such notice by regular first class mail addressed to us at the last address appearing in your records or at such other address as we may designate by notice to you as provided herein, and (b) any notice to you shall be given by certified mail, return receipt requested, to your address at
For MERS:
P.O. Box 2026, Flint, MI 48501-2026
For Lender:
1199 North Fairfax St. Ste.500, Alexandria, VA 22314
or to such other address as you may designate by notice to us. Any notice provided for in this Mortgage shall be deemed to have been given to us or you when given in the manner designated herein.

**RELEASE:** Upon payment of all sums secured by this Mortgage and provided your obligation to make further advances under the Note has terminated, you shall discharge this Mortgage without charge to us, except that we shall pay any fees for recording of a satisfaction of this Mortgage.

**GENERAL:** You can waive or delay enforcing any of your rights under this Mortgage without losing them. Any waiver by you of any provisions of this Mortgage will not be a waiver of that or any other provision on any other occasion.

THIS MORTGAGE has been signed by each of us under seal on the date first above written.

WITNESS:

_____

_____

_____(SEAL)
Mortgagor: KAREN LEESE

_____(SEAL)
Mortgagor:

_____(SEAL)
Mortgagor:

_____(SEAL)
Mortgagor:

DOC ID #: ███████████

STATE OF NEW JERSEY )
                    ) ss:
COUNTY OF  Warren  )

I CERTIFY that on this _28th_ day of _Febuary_, _2006_,
_Mara hese_
personally came before me and acknowledged under oath, to my satisfaction, that this person [or if more than one, "each person"]:

(a)    is named in and personally signed the foregoing instrument; and

(b)    signed, sealed and delivered the foregoing instrument as his or her own act and deed.

_____
[Print, type or stamp Notary Public's name and title below signature]

RONALD S. DEAN
Notary Public
State of New Jersey
My Commission Expires Sep 7, 2009

STATE OF NEW JERSEY )
                    ) ss:
COUNTY OF          )

I CERTIFY that on this _____ day of _____, _____,
personally came before me and this person acknowledged under oath, to my satisfaction, that:

(a)    he or she is the _____ of
       _____, the corporation named in
       the foregoing instrument; and

(b)    he or she is the maker of the foregoing instrument who, as such officer, was authorized to execute the instrument on behalf of the corporation and that he or she executed the instrument as the voluntary act and deed of the corporation by virtue of authority from its Board of Directors.

_____
[Print, type or stamp Notary Public's name and title below signature]

STATE OF NEW JERSEY )
                    ) ss:
COUNTY OF          )

I CERTIFY that on this _____ day of _____, _____,
personally came before me and this person acknowledged under oath, to my satisfaction, that:

(a)    he or she is the _____ of
       _____, the partnership named in
       the foregoing instrument; and

(b)    signed, sealed and delivered the instrument as his or her own act and deed.

_____
[Print, type or stamp Notary Public's name and title below signature]

Doc #:▮▮▮▮▮
Bk: 4355 Pg: 50

## EXHIBIT A

ALL THAT TRACT OR PARCEL OF LAND AND PREMISES, SITUATE,
LYING AND BEING IN THE TOWNSHIP OF FRELINGHUYSEN IN THE
COUNTY OF WARREN AND STATE OF NEW JERSEY, MORE PARTICULARLY
DESCRIBED AS FOLLOWS:

BEGINNING AT A SPIKE IN THE CENTERLINE OF SILVER LAKE ROAD,
SAID SPIKE BEING THE FIFTH CORNER OF A TRACT OF LAND
CONVEYED TO DAYTON E. HUSK, ON AUGUST 27, 1952 AND RECORDED
IN DEED BOOK 363 PAGE 106 ETC., AND RUNS THENCE

(1) ALONG SAID CENTERLINE OF SILVER LAKE ROAD, ON A COURSE
OF NORTH 33 DEGREES, 23 MINUTES EAST, A DISTANCE OF 119.00
FEET TO THE SIXTH CORNER OF DEED BOOK 363 PAGE 106, ETC.
THENCE

(2) ON A COURSE OF THE NORTH 52 DEGREES, 29 MINUTES WEST, A
DISTANCE OF 19.88 FEET, TO A POINT IN THE RIGHT OF WAY OF
SILVER LAKE ROAD, SAID POINT ALSO BEING THE FIFTH CORNER OF
A TRACT OF LAND CONVEYED TO DAYTON E. HUSK ON DECEMBER 17,
1949 AND RECORDED IN DEED BOOK 344, PAGE 232., ETC. THENCE

(3) ON A COURSE OF NORTH 45 DEGREES, 00 MINUTES EAST A
DISTANCE OF 280.45 FEET, TO A POINT IN THE RIGHT OF WAY OF
SILVER LAKE ROAD SAID POINT BEING BEGINNING CORNER OF DEED
BOOK 344, PAGE 232, ETC. SAID POINT ALSO BEING THE SIXTH
CORNER OF A TRACT OF LAND CONVEYED TO EDWARD A. AND BEVERLY
J. STURM, ON OCTOBER 13, 1972, AND RECORDED IN DEED BOOK
534, PAGE 463, ETC., THENCE

(4) ALONG THE LAND OF STURM, ON A COURSE OF SOUTH 45
DEGREES, 51 MINUTES EAST, A DISTANCE OF 428.42 FEET TO A
POINT BEING THE SECOND CORNER OF DEED BOOK 363, PAGE 106,
ETC., SAID POINT ALSO BEING THE FIFTH CORNER OF DEED BOOK
534, PAGE 463, ETC., THENCE

(5) ON A COURSE OF SOUTH 76 DEGREES, 42 MINUTES WEST, A
DISTANCE OF 315.02 FEET TO THE THIRD CORNER OF DEED BOOK
363, PAGE 106 ETC., THENCE

(6) ALONG THE LANDS NOW OR FORMERLY BELONGING TO HAROLD E.
AND MILDRED CARTER, ON A COURSE OF NORTH 48 DEGREES, 14
MINUTES WEST, A DISTANCE OF 171.60 FEET, TO THE FOURTH
CORNER OF DEED BOOK 363 PAGE 106 ETC., THENCE

(7) STILL ALONG THE LANDS NOW OR FORMERLY BELONGING TO
HAROLD E. AND MILDRED CARTER, ON A COURSE OF SOUTH 66
DEGREES, 14 MINUTES WEST, A DISTANCE OF 132.06 FEET, TO THE
POINT OF PLACE OF BEGINNING.

ADDRESS: 259 SILVER LAKE RD.;  BLAIRSTOWN, NJ 078254016



LOAN# 7086-824404
US Recordings